WALLACE R. VALLEY AND CATHERINE A. VALLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valley v. Commissioner
Docket No. 4209-82.
United States Tax Court
T.C. Memo 1983-492; 1983 Tax Ct. Memo LEXIS 302; 46 T.C.M. (CCH) 1122; T.C.M. (RIA) 83492; August 16, 1983. Wallace R. Valley, pro se. Ralph W. Jones, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before us on respondent's motion for summary judgment pursuant to Rule 121. [1]
Respondent determined a deficiency in the amount of $16,217.50 in petitioners' 1977 individual Federal income tax. He further determined additions to tax in the amounts of $4,184.94 and $923.43 pursuant to sections 6651(a) and 6653(a), respectively. Respondent's determination was based primarily on the reallocation of certain income and expense items which petitioners reported on a return filed for *303 their "family trust" for the year in issue. Respondent further determined that petitioners had unreported dividend, interest, and miscellaneous income. In addition, various depreciation and purported business expense deductions, a deduction for payments to a Keogh Retirement Plan and an Investment Tax Credit were disallowed for lack of substantiation. The sole issue for decision is whether respondent's motion for summary judgment should be granted. Petitioners resided in Beaverton, Oregon, when they filed their 1977 joint Federal income tax return with the Internal Revenue Service at Ogden, Utah and when they filed their petition in the present case. Petitioner Wallace R. Valley is the grantor of the Wallace R. Valley Equity Pure Trust (the "trust"). The trust was created by the execution of a document entitled "Declaration of Trust of This Pure Trust" on a form prepared by Educational Scientific Publishers.The stated purpose of the trust is as follows: THE DECLARED PURPOSE OF THE TRUSTEES OF THIS TRUST shall be to accept rights, title and interest in and to real and personal properties, whether tangible or intangible, conveyed by THE CREATOR HEREOF AND GRANTOR HERETO *304 to be the corpus of THIS TRUST. Included therein is the exclusive use of his lifetime services and ALL of his EARNED REMUNERATION ACCRUING THEREFROM, from any current source whatsoever, so that Wallace R. Valley can maximize his lifetime efforts through the utilization of his Constitutional Rights; for the protection of his family in the pursuit of his happiness through his desire to promote the general welfare, all of which Wallace R. Valley, feels he will achieve because they are sustained by his RELIGIOUS BELIEFS. During 1977, the sole trustee was petitioner Catherine A. Valley. [2] There were 100 units of beneficial interest in the trust, but it does not appear in the record how such units were held or by whom. Respondent, in his notice of deficiency, asserted that the trust was devoid of economic substance and was thus not to be recognized for Federal income tax purposes. This was the basis for the principal adjustments determined by respondent. Petitioners, however, do not address the issue *305 of the validity of the family trust. Nor do they address any of the specific adjustments based on respondent's disallowance for lack of substantiation.[3] Instead, petitioners make the frivolous argument that they had no gain because their "activities were all on an equal exchange basis". Petitioners also make the equally frivolous argument that they are not within the "jurisdiction" of either the Internal Revenue Service or the "IRS Code (26 U.S.C.)". These arguments are wholly without merit or substance and have been repeatedly rejected by this and other courts. See and cases cited therein; , affd. . [4]
*306 Petitioners further argue that respondent acted "maliciously, capriciously, erroneously, and with a cavalier attitude". Respondent's position on the inefficacy of the trust is so well supported in the case law, it cannot be considered capricious, erroneous or indicative of a cavalier attitude. See , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; . [5] In addition, respondent has made all reasonable efforts to enlist petitioners' cooperation in the determination of their tax liability. It is well settled that where a taxpayer refuses to cooperate in an investigation to determine his correct tax liability, great latitude is afforded respondent in choosing a reasonable method of reconstructing taxable income. . [6] Petitioners have not shown that respondent acted maliciously or *307 otherwise abused this discretion. Therefore, we reject this argument as well. Respondent's determination is prima facie correct; despite their assertion to the contrary, the burden is on petitioners to prove that his determination is erroneous. ; Rule 142(a). It is well settled that this imposition of the burden of proof is constitutional. ;; Rule 142(a). Petitioners have shown no error in respondent's determination. Thus, we sustain respondent's determination. See Rule 121. On the record before us, we find that respondent has amply *308 demonstrated that no genuine issue of material fact has been raised. Moreover, we find that the legal issues raised by petitioner are meritless and so stale as to be frivolous. It is clear that respondent is entitled to a decision as a matter of law. Thus summary judgment is an appropriate disposition of this case. , affg. an unreported opinion of this Court. We therefore grant respondent's motion for summary judgment. To reflect the foregoing, an appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the tax year in issue.↩
2. Although one Aldene A. Kaminski was appointed as a trustee in the original document, it appears that only petitioner Catherine A. Valley served during the year in issue.↩
3. We note that at the hearing before Judge Featherston on respondent's first motion for summary judgment, petitioner Wallace R. Valley made a general allegation that certain "legal deductions of operating a business" were erroneously disallowed. He was instructed by Judge Featherston to meet with respondent and produce any records which could support any deductions in excess of those allowed by respondent. Largely based on petitioner's promise to comply, respondent's motion was denied. Petitioner has completely failed to comply and has neither appeared at the hearing on this motion nor filed any memorandum with this Court regarding this motion. Under the circumstances, it is clear that no issue has been properly raised or presented to this Court concerning any additional deductions to which the petitioners might be entitled. Thus any such issue, while it would admittedly be one of material fact, is not before the court. See , affg a Memorandum Opinion of this Court; ; , at note 2. ↩
4. See also ; ; .↩
5. See also , in which another trust created with the "Declaration of Trust of This Pure Trust" document prepared by Educational Scientific Publishers was held ineffective in its attempt to shift income from the grantors to the trust. We perceive no grounds on which this case could be distinguished from the Kelley↩ case. 6. See also .↩